FILED
SUPERIOR COURT
OF GUAM

2021 FEB -1 PM 5: 05

CLERK OF COURT

By:_____

# IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| **PEOPLE OF GUAM,** | **Criminal Case No. CM0125-20** |
| Plaintiff, | **GPD Report No. 20-07389** |
| vs. | |
| | **DECISION AND ORDER** |
| **JOHNNY REYES NEWBY,** | **(Defendant's Motion for** |
| DOB: 10/28/1959 | **Civil Compromise)** |
| Defendant. | |

## INTRODUCTION

This matter came before the Honorable Dana A. Gutierrez on November 24, 2020 for a hearing on Defendant Johnny Reyes Newby's Motion for Civil Compromise. Present via Zoom was Defendant Johnny Reyes Newby ("Defendant"); Attorney Kathleen Aguon of the Public Defender Service Corporation representing Defendant; and Assistant Attorney General Richelle Canto representing the People of Guam. The motion was unopposed in part by the People and opposed in part. The Court now issues this Decision and Order **GRANTING** Defendant's Motion for Civil Compromise.

## BACKGROUND

On March 13, 2020, Defendant was charged, by Magistrate's Complaint, with Two Counts of Assault (As a Misdemeanor), Criminal Mischief (As a Misdemeanor), and Criminal Trespass (As a Petty Misdemeanor). Magistrate's Compl. (March 13, 2020). On October 23,

2020, Robert Pocaigue ("Victim") filed a Declaration. The Declaration stated "I acknowledge I have received satisfaction for the injury and harm to my property, and I do not object to dismissal of this case by way of the Civil Compromise statute." Decl. of Robert Pocaigue ¶ 4 (Oct. 23, 2020).

On October 23, 2020, Defendant filed a Motion for Civil Compromise. The People did not oppose the Motion as to the Charges of Criminal Trespass and Criminal Mischief but argued the Charge of Assault being disposed of through civil compromise is not appropriate. Min. Entry, at 10:35:15 AM (Nov. 24, 2020). The Court heard the matter on November 24, 2020 and took the Motion under advisement.

## DISCUSSION

Defendant moves the Court to dismiss the instant Magistrate's Complaint pursuant to 8 GCA § 80.90. *See* Def.'s Mot. for Civil Compromise, at 4 (Oct. 23, 2020). Defendant's Motion is based upon the Declaration filed by the alleged Victim. Decl. of Robert Pocaigue (Oct. 21, 2020). Guam's Criminal Procedure Code provides that a court may order a criminal action dismissed, "[w]hen the defendant has been charged with the commission of an offense which is not a felony for which the person the person injured by the act constituting the offense has a remedy by a civil action," and "[when] the person injured appears before, or files his declaration in, the court in which the criminal action is pending . . . and acknowledges that he has received satisfaction for the injury." 8 GCA § 80.90(a) and (b). Further, "dismissal under this Section is a bar to another prosecution for the same offense." 8 GCA § 80.90(c).

Section 80.90 is based on former California Penal Code sections §§ 1377 and 1378. *See* 8 GCA § 80.90, Note; *compare* 8 GCA § 80.90 with Cal. Penal Code §§ 1377 and 1378. Thus, California case law interpreting §§ 1377 and 1378 are persuasive to interpreting Title 8 GCA §

2

80.90. *See Cruz v. Cruz*, 2005 Guam 3, ¶ 9; *see also People v. Hall*, 2004 Guam 12, ¶ 18; *see also Fajardo v. Liberty House Guam*, 2000 Guam 4, ¶ 17.

It is undisputed that Defendant was charged with three misdemeanors and no felonies. See Magistrate's Compl. (March 13, 2020). Likewise, it is undisputed that the alleged Victim filed a declaration, stating "he has received satisfaction for the injury and harm to its property." Decl. of Robert Pocaigue ¶ 4 (Oct. 23, 2020). Therefore, the only remaining questions are: (1) whether the charged offenses "have a remedy by civil action," (2) whether the satisfaction received was adequate, and (3) whether the Court should exercise its discretion in dismissing this case. 8 GCA § 80.90(a). The People did not oppose Civil Compromise as to the Charges of Criminal Mischief and Criminal Trespass, and therefore, the Court will consider these charges first.

## I. The Charges Have a Remedy in Civil Action.

### A. The Criminal Mischief and Criminal Trespass Charges Have a Remedy in Civil Action.

A charged offense has a corresponding civil remedy if, "the civil cause of action shares a common element with the criminal offense, compromise is available; overlapping, not full congruence, is required." *People v. Tischman*, 40 Cal. Rptr. 2d 650, 654 (Ct. App. 1995) (quoting *State ex rel. Fitch v. Roxbury Dist. Court*, 629 P.2d 1341, 1343-1344 (Wash. Ct. App. 1981)). In Guam, criminal trespass is defined as, "[a] person commits an offense if, knowing that he is not licensed to do so, he enters or surreptitiously remains in any habitable property or building." 9 GCA § 37.30(a). Likewise, trespass has a common law civil counterpart that requires, "the following elements: a) the tortfeasor intentionally; b) enters the land in possession of another . . . c) or remains on the land . . . ." *Guerrero v. DLB Const. Co.*, 1999 Guam 9 ¶ 16

(citing Restatement (Second) Torts § 158 (1988)). Here, both criminal and common law trespass require the entering of another's property, the knowledge or intent that they are not under license to do so, and remaining on the property. Therefore, the act constituting criminal trespass has a civil remedy, and civil compromise is thereby allowed under Section 80.90(a).

Defendant was also charged with Criminal Mischief. *See* Magistrate's Compl. (March. 13, 2019). Criminal Mischief is defined as, "intentionally damag[ing] the property of another." 9 GCA § 34.50(c). Guam recognizes the common law civil cause of action of conversion, whose "elements . . . are: (1) facts showing plaintiff's ownership or right of possession of the property; (2) defendant's wrongful act toward . . . the property, interfering with plaintiff's possession; and (3) damage to the plaintiff." *Adkins v. Suba*, 2011 WL 4443232 *10 (D. Guam 2011) (reversed on other grounds). As above, the criminal cause of action and the civil cause of action share common elements, including a wrongful act to the property of another. Therefore, the act constituting the charge of Criminal Mischief has a civil remedy, and civil compromise is thereby allowed under Section 80.90(a).

**B.    The Assault Charge Has a Remedy in Civil Action.**

The People opposed the dismissal of Charge One, Two Counts of Assault (As a Misdemeanor), on the grounds that the injury to the public would not be fully vindicated through Civil Compromise because of the seriousness of the offense, and Defendant's record of previous assault charges. Min. Entry, at 10:35:15 AM (Nov. 24, 2020). As above, the first question is whether the civil injury is coextensive with the criminal violation.

In California, a simple assault and battery may be compromised. *See Tischman,* 40 Cal. Rptr. 2d at 653 (citing *People v. Moulton,* 182 Cal. Rptr. 761, 766 (Ct. App. 1982)). "[I]n a case of an assault and battery since by its very definition a battery is a willful and unlawful use of

force or violence upon the person of another, the person injured would in almost every case have a civil action for damages." *Moulton*, 182 Cal. Rptr. at 767. Civil causes of action for assault and battery are recognized in Guam. *See Aguon v. Taijeron*, 1983 WL 30217 * 4 (D. Guam). Therefore, the civil injury is coextensive with the criminal violation and civil compromise is thereby allowed under Section 80.90(a). *See People v. Benavente*, CM0515-12, at 4 (Super. Ct. Guam Aug. 21, 2013); *see also People v. Castro*, CM0350-14, at 2 (Super. Ct. Guam May 18, 2015).

## II. The Satisfaction as Declared by the Alleged Victim Is Adequate.

As the charges filed against Defendant have a corresponding civil remedy, the Court must next determine whether the satisfaction as declared by the alleged Victim is adequate. The alleged Victim's Declaration states, "he [the victim] has received satisfaction for the injury and harm to its property." Decl. of Robert Pocaigue ¶ 4 (Oct. 23, 2020). There is no indication about the nature of his satisfaction. However, civil compromise "does not in fact condition the approval of a compromise on the commencement of a civil action or on the resolution of such an action in any particular fashion . . . Nor does the statute specify that the victim's 'satisfaction for the injury' must arise from the institution of a civil action or what the nature or form of such a 'satisfaction' [may] be." *People v. Stephen*, 227 Cal. Rptr. 380, 388 (Ct. App. 1986).

In the absence of any indication that it was made involuntarily, the Court is in no position to second guess the alleged Victim's Declaration that "he has received satisfaction." Decl. of Robert Pocaigue ¶ 4 (October 23, 2020). Thus, the Court is satisfied that the requirements of the Civil Compromise statute are met. The Court must now determine whether it should exercise its discretion to dismiss the criminal action.

//

5

### III. The Court, in Its Discretion, Dismisses the Criminal Action.

"[T]here are policy considerations favoring the vesting of discretion in the trial courts to compromise minor offenses . . . [including] a check and balance against the much greater discretionary power of the police to decide when to arrest and of the prosecutor when to prosecute." *Tischman*, 40 Cal. Rptr. 2d at 654 (quoting *State ex rel. Fitch*, 629 P.2d at 1343-1344). When deciding whether the Court should exercise its discretion, the appropriate factors to consider include: (1) whether the civil injury was coextensive with the criminal violation; (2) whether the circumstances were such that through private settlement agreement the injury to the public was fully vindicated; and (3) whether the victim's settlement was made voluntarily. *See Moulton*, 182 Cal. Rptr. at 767-68.

### A. The Charges of Criminal Mischief and Criminal Trespass.

First, for the charges of Criminal Mischief and Criminal Trespass, the civil injury is coextensive with the criminal violations. This is apparent from the availability of adequate corresponding civil remedies. In analyzing the second factor, the seriousness of the injury and the circumstances of the offense are relevant. *Moulton*, 182 Cal. Rptr. at 768. The Criminal Trespass and Criminal Mischief charges only resulted in a dented refrigerator. *See* Magistrate's Compl. (March 13, 2020). The alleged Victim in this case is not the owner of the refrigerator, and the owner of the refrigerator was not named as a victim in the Magistrate's Complaint, rendering the property damage to the refrigerator a non-issue. *See* Magistrate's Compl. (March 13, 2020). Furthermore, the People did not dispute that the public and the alleged Victim were fully vindicated through private settlement as to these two charges. Min. Entry, at 10:35:15 AM (Nov. 24, 2020). Lastly, with regard to the third factor, there is no indication that the settlement agreement was entered involuntarily.

### B.    The Charge of Assault.

The People opposed the dismissal of Charge One, Two Counts of Assault (As a Misdemeanor), on the grounds that the injury to the public would not be fully vindicated through Civil Compromise because of the seriousness of the offense, and Defendant's record of previous assault charges.  Min. Entry, at 10:35:15 AM (Nov. 24, 2020).  In applying the first factor the Court must consider, criminal assault has a corresponding civil remedy, as stated above.

Second, the alleged Victim states in his Declaration that "he has received satisfaction for the injury and harm to its property" and "he does not object to dismissal of the case."  Decl. of Robert Pocaigue ¶ 4 (Oct. 23, 2020).  Additionally, although there is a report of physical injuries to the alleged victim, he did not seek medical attention.  Therefore, in light of the harm caused to the alleged Victim, which did not require medical attention, and the alleged Victim's Declaration that he has received satisfaction for any injuries incurred, this Court finds that civil compromise serves, "the interests of justice, judicial economy, fairness, and common sense," in this matter, and fully vindicates the injury to the public.  *Tischman,* 40 Cal. Rptr. 2d at 654.  As to the third factor, there is no indication that the settlement agreement was entered into involuntarily.

### CONCLUSION

For the reasons stated above, the Court hereby **GRANTS** the Defendant's Motion for Civil Compromise.  The case is hereby dismissed with prejudice.

**SO ORDERED** this 1st day of February, 2021.

**HONORABLE DANA A. GUTIERREZ**
Judge, Superior Court of Guam

7